# EXHIBIT 15

## AMERICAN ARBITRATION ASSOCIATION

LE LATONYA ASHTON,

    Claimant,                                            AAA Case No.  01-17-0006-8180

v.

PJ LOUISIANA, INC.,

    Respondent.

---

### RULING AND OPINION ON CLAIMANT'S
### CONSOLIDATED MOTION FOR PARTIAL SUMMARY JUDGMENT

The claimant, Le Latonya Ashton ("Ashton" or "claimant") brings this motion seeking summary judgment on five separate issues related to the Fair Labor Standards Act ("FLSA").  In conjunction with this motion, the arbitrator has read Claimant's Consolidated Motion for Partial Summary Judgment and the attached exhibits, PJ Louisiana, Inc.'s Response to Le Ashton's Motion for Summary Judgment and the attached exhibits, Claimant's Reply in Support of Her Consolidated Motion for Partial Summary Judgment, and Respondent's Answer to Amended Statement of Claim.  The arbitrator has also reviewed extensively the law governing the issues raised, and issues this ruling.

I. FACTS

Claimant, Le Latonya Ashton, was employed by PJ Louisiana, Inc. ("PJ LA" or "respondent"), the franchisor of a Papa John's Pizza restaurant located in Shreveport, LA.  Ashton worked as a delivery driver from August, 2015 to January 2018 when she voluntarily terminated her employment.  Delivery drivers worked both inside and outside the store.  PJ LA paid Ashton an hourly cash wage of $7.25 per hour when she worked inside the store, and $7.25

1

per hour on deliveries, until May of 2016 when her pay was increased to $7.75 per hour on deliveries.

Ashton also received tips when she was on delivery and was allowed to keep all of the tips she received. PJ LA took a "tip-credit" against her minimum wage. Ashton's wages and tips are recorded on her pay stubs and Ashton does not dispute the accuracy of these records.

In addition to her wages and tips, Ashton also was paid $1.40 in cash per delivery as reimbursement for the use of her vehicle to delivery pizzas. PJ LA kept a "Checkout Report" that showed the addresses to which she delivered pizzas and the total amount she was paid for all of the deliveries she made on that shift. Ashton had access to these Checkout Reports.

During her employment with PJ LA, Ashton drove a 2007 Chevy Malibu and a 2016 Kia Soul. The Kia Soul was purchased in her mother's name. Ashton paid for the insurance and some or all of the other expenses for the vehicle. PJ LA has pointed to the fact that Ashton's expenses were minimal and that most of them would have been incurred whether or not she worked for PJLA.

II. ANALYSIS

Ashton claims that she was paid less than the minimum wage required by the FLSA because the reimbursement of the amount of vehicle expenses she incurred while delivering pizzas was insufficient. She bases this claim on the Department of Labor ("DOL") regulation which provides that "the wage requirements of [the FLSA] will not be met where the employee 'kicks-back' directly or indirectly to the employer … the whole or part of the wage delivered to the employee." 29 C.F.R. Section 531.25. A kickback occurs when an employer incurs out-of-pocket expenses for the tools necessary for the employee's work that "cut into the minimum wage or overtime wages required to be paid him under [the FLSA]." *Id*. Ashton argues that PJ

2

LA's reimbursement for her vehicle costs was insufficient to the point that her unreimbursed costs "cut into" the minimum wage required by the FLSA.

Claimant has brought this motion for partial summary judgment seeking a ruling on the following legal issues:

1. Whether claimant may reasonably approximate her vehicle costs.

2. Whether the respondents must reimburse a portion of the fixed costs of driving and that the applicable test is whether the employer "tends to shift costs" to employees.

3. Whether tips in excess of the amount of the tip credit are considered in determining net wages.

4. Whether Respondents' second and fourth affirmative defenses fail as a matter of law.

5. Whether Respondents used an unlawful reimbursement rate because they reimbursed mileage and vehicle costs based on estimates rather than either the IRS standard business mileage rate or the actual costs incurred by the employee.

This opinion addresses each of these issues.

**1. May Claimant Reasonably Estimate Her Vehicle Costs?**

It is undisputed that neither the claimant nor the respondents kept track of Ashton's actual vehicle costs. Ashton asserts her minimum wage claim based on estimates of her unreimbursed vehicle costs that reasonably approximate the actual costs she incurred. She asserts that this estimate may be used to show that she kicked back a portion of her pay to the respondents, over and above the amount the respondents reimbursed her, thus causing her wages to fall below the minimum wage. Respondents argue that actual costs rather than estimate costs must be used. Of course, if actual costs must be used, the claimant cannot prove her claim.

All of the cases cited by the claimant hold that estimated costs may be used. The respondents cite no cases holding otherwise. Instead, they attempt to distinguish the claimant's cases to show that they do not apply here.

3

In *Wass NPC Int'l. Inc. ("Wass I")* the claimants, delivery drivers for a Pizza Hut, sought to bring a collective action for the same FLSA violations alleged here. 688 F. Supp. 1282, 1284-87. (D. Kan. Mar. 2, 2010). Pizza Hut brought a motion for judgment on the pleadings arguing that the defendants may reasonably approximate vehicle expenses. *Id*. The court found approximated expenses could be used because 29 C.F.R. Section 778.217(a)(3) was incorporated by reference into the "Anti-Kickback Rule," found in 29 C.F.R. Section 5.31. This rule requires reimbursement for "the actual or reasonably approximate amount of expenses incurred by an employee" to the extent that those expenses cause the plaintiff's pay to be reduced below minimum wage. *Id*.

To distinguish this case, the respondent argues that *Wass* applies only to maximum hour claims and not to minimum wage claims. However, the *Wass* court rejected this argument, stating specifically that the plaintiff did not "offer[] any reasons why expenses should be treated differently for purposes of the minimum wage than they should be for purposes of overtime." *Id*. (further citations omitted). It concluded that "the applicable regulations also permit an employer to approximate reasonably the employee's vehicle expenses without affecting the amount of the employee's wages for purposes of the federal minimum wage law." (footnotes omitted).[1]

The same conclusion was reached *Darrow v. WKRP Mgmt. ("Darrow I")*, 2011 WL 2174496 *1 (D. Colo. Jun. 3). In *Darrow*, the plaintiffs alleged that they were not paid the required minimum wage because they were under-reimbursed for their vehicle costs. In a motion to dismiss, the respondents argued that actual vehicle costs rather than an estimated mileage rate must be used. Without this information, respondents argued, the plaintiff could not prove his claim. The *Darrow* court disagreed. Citing *Wass* and other cases, the court held that

---

[1] *Wass* established that *defendants* may estimate plaintiffs' costs, not than that *plaintiffs* may rely on estimates of their own costs, as is the case here. Neither party argues that *Wass* is distinguishable on this ground.

4

"FLSA plaintiffs can rely on estimates provided that there is evidence that the estimate is not unreasonable."

Respondents attempt to distinguish this case. It quotes the court's language that, "The facts stated in the Amended Complaint raise the *plausible inference* that (1) Defendants failed to reasonably approximate Plaintiff's vehicle-related expenses, and (2) Plaintiff's wage was reduced to below the federal and Colorado minimum wages for the 2009 time period." *Id*. at *5 (emphasis added). Respondents argue that this "plausible inference" conclusion applies only to motions to dismiss and is inapplicable to the pending motion for summary judgment.

There is no other language in the *Darrow* opinion that would support this conclusion. The court stated that, "Plaintiff may use an estimate of his vehicle-related expenses as a fact to support his claim." Summary judgments differ from motions to dismiss because summary judgment evidence must be submitted to support the facts alleged. But the substantive law remains the same for both motions. Respondents have not moved to dismiss the claimant's claim on the ground that her evidence is insufficient. Therefore, the *Darrow* holding applies equally to this motion.

Further, the *Darrow* defendants raised this argument again in opposition to the plaintiffs' motion to certify a collective action. Doc. #164 at 10 (D. Colo. 2012). The court found again that estimated expenses may be used *as a factual basis* to support liability. This conclusion also applies on summary judgment.

Respondents also rejects claimant's reliance on *Perrin v. Papa John's International, ("Perrin II"),* 2013 WL 6885334, stating that it "dealt with a motion to dismiss and the use of expert testimony, neither of which is an issue currently before he Arbitrator." It concedes that

5

*Perrin* also addressed estimated costs with regard to class certification but argues that *Perrin* does not apply to a motion for summary judgment.

Claimant interprets *Perrin* too narrowly. The *Perrin* court's holding relates to the proof necessary to prove liability as well. It stated:

> Under the regulations [applicable to the FLSA], "an employer [may] approximate reasonably the amount of an employee's vehicle expenses without affecting the amount of the employee's wages *for purposes of the federal minimum wage law*. However, if the employer's approximation is unreasonable, the employee may have a claim that his wage rate was reduced below minimum wage as a result of the insufficient reimbursement. *In proving such a claim*, a plaintiff may rely on a reasonable estimate of his vehicle related expenses and need not show his actual expenses. (Internal citations omitted)(emphasis added). 2013 WL 6885334, at *5

The court concluded:

> Defendants' assertion that individualized showings of each plaintiff's vehicle expenses will be required to be proved is without merit. Defendants' own reimbursement methodology does not depend on the drivers' actual expenses *and the regulatory framework does not require that reimbursement be based on actual expenses.* (emphasis added).

As this language shows, the *Perrin* court's findings regarding the use of estimated costs is not limited class certification. It applies to the regulatory framework of the FLSA as it relates to kickbacks of vehicle costs, the very issue raised here.

The courts in *Villalpando v. Exel Direct, Inc. ("Villalpando I")* 2016 WL 1598663, (N.D. Cal. Apr. 21) and *Drollinger v. Network Global Logistics, Inc.,* 2016 U.S. Dist. LEXIS 17101 (D. Colo. Dec. 8) held that estimated costs may be used to prove damages, and that evidence of these costs may be addressed through expert opinion. PJ LA counters these cases solely by arguing that Ashton has not "disclosed any expert opinion about Ashton's vehicle, whether actual or approximate." Ashton has disclosed, however, the expert report of Paul Lauria which estimates expenses for Papa John delivery drivers generally. Regardless, whether

6

Ashton's expert report is sufficient to support her claim is not at issue here and does not negate the legal conclusion that estimated expenses may be used to prove damages.

Respondents' attempt to distinguish *Sullivan v. PJ United, Inc.,* Case No. 13-cv-01275-LSC (N.D. Ala.), also is unavailing. *Sullivan* held that "plaintiffs may reasonably approximate expenses and need not prove actual damages." (ECF Doc. 197), at 21. In explaining this finding, the court stated:

> This is not to say that Defendants *must* rely on a reasonable approximation. Section 778.217 plainly allows an employer to reimburse employees for the "actual or reasonably approximate amount" expended by an employee. This same chain of incorporation of regulations would allow Defendants to disprove Plaintiffs' model using the Plaintiffs' actual damages." (further citation omitted).

Respondent argues that *Sullivan* requires reimbursement of the plaintiff's actual expenses rather than a reasonably approximate amount. This argument, of course, is in direct opposition to the language cited above which holds that either actual or approximated expenses may be used. But the respondents cite to different language where the *Sullivan* court stated: "Defendants only have to pay Sullivan the minimum wage after deducting actual expenses and including reimbursements—not the IRS standard business mileage." The respondents truncate this phrase to argue that the respondents only have to pay Ashton "the minimum wage after deducting *actual expenses* and including reimbursements." (emphasis added).

The arbitrator disagrees. The plaintiff argued in *Sullivan* that the respondent must reimburse the claimant the IRS rate if the employer could not prove actual costs. The *Sullivan* court ruled, using the cited language, that the plaintiff was wrong: the employer need not use the IRS rate because that rate was unrelated to the central question in the case, which was whether the reimbursement paid by respondent reduced claimant's wages below minimum wage. The court did not that hold that actual expenses must be used. On the contrary, *Sullivan* held that

7

"[a]fter a review of the relevant statutes, regulations, and case law the Court concludes according to the FLSA and Department of Labor ("DOL") regulations that *either* actual or *reasonably approximate damages* may be used by the parties in relation to the minimum-wage dispute." *Id*. at 15, (emphasis in original).

In conclusion, the respondents cite no authority for the proposition that actual costs must be proved; they argue only that the claimant's authorities are distinguishable. Claimant's authorities, on the other hand, state clearly and repeatedly that estimated vehicle costs may be used to prove her claim. Claimant's motion for summary judgment is granted on this issue.

### 2. Must Respondent Reimburse Claimant for a Portion of the Fixed Costs of Driving?

Claimant next moves for summary judgment on the issue of whether a portion of the fixed costs of operating a vehicle, such as insurance and registration, must be reimbursed to the claimant "to the extent those costs reduce net wages below the minimum" wage. Claimant's brief, p. 23. Respondents argue the claimant has not identified what a fixed cost is or what portion they are required to reimburse. They also argue that "[t]he FLSA requires no reimbursement; it requires only the payment of minimum wage." Respondents' brief, p. 31.

Of course, none of these costs need be reimbursed unless they constitute a "kickback" pursuant to 29 C.F.R. Section 531.35. Claimant cites *Mayhue's Super Liquor Store, Inc. v. Hodgson*, 464 F.2d 1196, 1199 (5th Cir. 1972), for the principle that an expense paid by the employee is a "kickback" if it "tend[s] to shift part of the employer's business expense to the employees." *Id*. at 1199 (emphasis added). The *Mayhue* court found that if a payment was made by an employee to the employer or to another person for the employer's benefit then that payment is a "kickback" to the extent that it reduces the pay below the minimum wage. Using this definition would mean that the claimant's fixed vehicle expenses constitute a kickback.

8

Respondents argue that fixed driving expenses are not kickbacks. They cite *Castellanos-Contreras v. Decatur Hotels, LLC*, for the proposition that in order to be a "kickback" an employee paid expense must be **primarily** for the benefit of the employer. 559 F.3d. 332, (5th Cir. 2009)(subsequent history omitted)(emphasis added). Respondent argues that fixed driving expenses, such as insurance and registration costs, are incurred *primarily* for the driver's personal use rather than the employer's, so it is not a kickback.

It is not clear that the standard in *Decatur Hotels* is different from the one set forth in *Mayhue*. In fact, the *Decatur Hotels* court cites *Mahyue* for the proposition that "an employer violated 29 C.F.R Section 531.35 when it imposed a condition of employment on employees that '*tended to shift part of the employer's business expense to the employees.*'" *Decatur Hotels, LLC*, 559 F.3d at 338 (emphasis added). It also cites Section 531.35 for the proposition that "an employee-paid expense is primarily to the employer's benefit if it is an incident of and necessary to the employment, or, stated differently, if it shifts an employer's business expense to the employee." *Id*. Both cases, therefore, define a kickback as an employee-paid cost that shifts an employer's business expense to the employee.

Despite this standard, neither of these cases directly answers the question of whether the fixed costs of driving paid by the employee is a kickback. However, Section 30c15 of the DOL handbook and *Perrin v. Papa John's Int'l. (Perrin III), Inc.*, 114 F.Supp. 3d 707 (E.D. Mo. 2015) provides significant guidance on this issue.

DOL Handbook Section 30c15 addresses, among other things, the reimbursement of vehicle costs to pizza delivery drivers. The handbook states that employer may reimburse drivers either actual expenses or the IRS business rate. It specifically recognizes that the business rate includes "depreciation, maintenance and repairs, gasoline (including taxes), oil,

insurance and vehicle registration fees." This supports the conclusion that these costs should be included in the reimbursed amount.

*Perrin* goes a step further. There, the court denied the *defendants'* motion for summary judgment seeking a ruling that a driver's fixed vehicle costs "are not for the benefit of the employer and therefore cannot be counted as "kickbacks" against an employee's wages." *Id*. at 719. The defendants argued in *Perrin*, as respondents do here, that the drivers did not purchase or use their cars solely to deliver pizzas, and that their insurance, registration and other fixed costs would be incurred regardless of their employment. *Id*. The *Perrin* court responded to this argument as follows:

> As this is primarily a factual question, the Court need not delve into a determination of whether, and to what extent, Defendants benefit from their drivers' fixed vehicle expenditures. However, a brief survey of regulatory guidance and industry practice reveals a general acceptance that at least a portion of such fixed costs are for the benefit of the employer and are thus properly reimbursable expenses under the FLSA. Plaintiffs assert that most companies with delivery-based business, including Defendants, reimburse their drivers for a portion of the fixed vehicle expenses. This makes logical sense, as courts have decided that, for the purpose of determining minimum wage compliance, expenses incurred for the benefit of the employer include costs that are 'essential for the … employment relationship to come to fruition.'" *See Rivera v. Peri & Sons Farms, Inc.*, 735 F.3d 892,898 (9th Cir. 2013). Applied to this case, having a safe, clean, and legal vehicle is as necessary for the Plaintiffs to be employed as drivers, as it is for Defendants to maintain a delivery operation without its own fleet of vehicles. Indeed, as discussed above, the DOL advises that, in order to comply with minimum wage laws, a business may reimburse employee vehicle costs using the IRS standard business mileage rate, which includes amounts for 'depreciation, maintenance and repairs, gasoline (including taxes), oil, insurance and vehicle registration fees. DOL Handbook Section 30c15. Such compensation, the Handbook suggests will often be appropriate 'for delivery drivers and by pizza … restaurants.' *Id*. Thus, at a minimum, Plaintiffs have raised a factual question that some portion of fixed costs may be considered in determining Defendants' minimum wage compliance."

Id. at 730.

This arbitrator agrees with the court in *Perrin* that regulatory guidance and industry practice support the conclusion that all or a portion of fixed costs are reimbursable under the

10

FLSA to the extent that they deprive the claimant of minimum wage pay. Respondents have cited no authority supporting the argument that these costs are not at least to some extent for the benefit of the employer. What portion of these costs must be reimbursed is a factual issue to be determined at the hearing on the merits.

The respondents state in their statement of uncontested facts that the vehicle driven by the claimant was owned by her mother. Presumably the respondents are making the argument that these costs cannot be deemed kickbacks because they were not incurred by the claimant. However, the claimant testified that she paid her insurance costs and the respondent offers no proof that she did not pay other fixed costs as well. Respondents also argue that registration, depreciation and insurance need not be reimbursed because she also drove her vehicle for her personal use, and that state laws require the purchase of insurance. But these facts do not affect the legal analysis of whether fixed costs are reimbursable. As the court stated in Sullivan, "None of these facts [that the plaintiffs do not own their vehicles or that the state and the finance companies required that the car be registered and insured] is helpful in answering the dispositive question of whether Defendants have shifted part of their business expenses to Sullivan." Doc. 304 at 33-34.

Based on the above cited cases, summary judgment is granted in favor of the claimant on the legal conclusion that all or a portion of the claimant's fixed costs must be reimbursed, to the extent that these costs cause her pay to fall below minimum wage.

### 3. **Are Tips in Excess of the Amount of the Tip Credit Are Considered in Determining Net Wages.**

Claimant also seeks summary judgment holding that the respondents may not claim a tip credit in this proceeding that exceeds the amount of the tip credit it lawfully took when paying Ashton. A tip credit is an amount that allows an employer to pay an employee less than

11

minimum wage provided the employee's tips make up the difference.  There are conditions that an employer must meet before taking the tip credit:  First, it must inform the employee of the fact that a tip credit will be taken, and second, all of the tips must be retained by the employee.  Claimant here seeks to prevent the respondents from taking a tip credit in one amount for purposes of paying Ashton when she was employed by the respondent, and then claiming a larger amount in this arbitration in order to offset any deficiencies in the payment of the minimum wage that may arise from the under-reimbursement of vehicle costs.  Claimant cites numerous cases that uniformly hold that such a practice is unlawful.

Respondents, on the other hand, assert that they are not making this argument.  They argue, instead, that Ashton did not own the car that she drove while she was working for PJ LA and that when Ashton quit her employment with PJLA, she went to work for OnTheGo Delivery which paid her less than the respondents paid her.  Both of these facts are irrelevant to the amount of the tip credit that may be taken by the respondents.

Respondents have raised no legal or relevant factual argument against Ashton's claim that PJ LA may not take an excess tip credit.  Indeed, they argue that they are not trying to do so.  Accordingly, summary judgment is granted in favor of the claimant on this issue.

### 4.  Whether Respondent's Second and Fourth Affirmative Defenses Fail as a Matter of Law

Claimant asserts that PJ LA's second and fourth affirmative defenses should be stricken because it has not provided enough facts to support these defenses.  It refers to the respondents' *second* affirmative defense as a "good faith" defense arising out of Section 10 of the Portal to Portal Act, 29 U.S.C. Section 259.  It refers to the *fourth* affirmative defense as the "*de minimis*" exception set forth in 29 C.F.R. Section 785.47.  In fact, the respondent's *first* affirmative

12

defense is the "*de minimis*" defense, and its *second* is the "good faith" defense.  *See* the respondents' Answer to Amended Statement of Claim.

    A.  <u>Respondent's second affirmative defense – good faith.</u>

Claimant argues that the respondents' second affirmative defense should be stricken because the respondents have alleged insufficient facts to support it.  The good faith defense arises out of Section 10 of the Portal to Portal Act, 29 C.F.R Section 259.  That section states, in part:

> [N]o employer shall be subject to any liability or punishment for or on account of the failure of the employer to pay minimum wages or overtime compensation under the Fair Labor Standards Act of 1938, as amended, … if he pleads and proves that the act or omission complained of was in good faith in conformity with and in reliance on any written administrative regulation, order, ruling, approval, or interpretation of the agency of the United States in subsection (b) of this section, or any administrative practice or enforcement policy of such agency with respect to the class of employers to which he belonged.

"The administrative interpretation relied upon must provide a clear answer to the particular situation in order for the employer to rely on it."  *Cole v. Farm Fresh Poultry, Inc*., 824 F.2d 923, 928 (11th Cir. 1987).

Claimant argues that Steven Saunders, in respondents' 30(b)(6) deposition, admitted that he did not rely on anything specific in the regulations and that the DOL had issued no specific regulations on this issue.  This, according to the claimant, demonstrates that the respondents did not satisfy the good faith requirements and that summary judgment should be granted dismissing this defense.  *See Sullivan*, 2018 U.S. Dist. LEXIS 143246, at *44-47.  Respondents do not oppose dismissal of this defense in their opposition memorandum.  Accordingly, summary judgment is granted, dismissing this defense.

    B.  <u>Respondent's fourth affirmative defense – The "*de minimis*" exception.</u>

13

Similarly, the claimant seeks to dismiss the respondents' "*de minimis*" affirmative defense. This defense is set forth in 29 C.F.R. Section 785.47 as follows:

> In recording working time under the Act, insubstantial or insignificant periods of time beyond the scheduled hours, which cannot as an administrative matter be precisely recorded for payroll purposes, may be disregarded. The courts have held that such trifles are *de minimis*. (*Anderson v. Mt. Clemens Pottery Co*., 328 U.S. 680 (1946)). This rule applies only where there are uncertain and indefinite periods of time involved of a few seconds or minutes duration, and where the failure to count such time is due to considerations justified by industrial realities. An employer may not arbitrarily fail to count as hours worked any part, however small, of the employee's fixed or regular working time or practically ascertainable period of time he is regularly required to spend on duties assigned to him. (citations omitted).

This passage explains that the *de minimis* exception applies to increments of *time* that are insubstantial or insignificant to the point that they cannot be recorded. The respondents do not argue here that there are any such periods of time. Instead, the respondents argue that Ashton has not determined that they owe her any additional *wages* or, if they do, how much they owe. "If Ashton cannot factually assert the amount of minimum wage underpayments she claims, PJ Louisiana is not yet in a position to establish that the amount is *de minimis*." Response to Motion for Summary Judgment, p. 38. According to the respondents, dismissal of its *de minimis* defense is premature.

The respondents mix apples and oranges in this argument. The *de minimis* defense addresses insignificant time increments, not insignificant wage increments. There is no law stating that any amount of wages is too small for an employer to pay; if the facts proven at trial showed that the respondents owed claimant only $1.00 due to unreimbursed kickbacks, that amount would still have to be paid.

The court in Sullivan came to the same conclusion. In rejecting the defendant's argument, it stated:

> Defendants appear to raise a *de minimis* defense for their possible failure to pay an hourly rate at or above the federal minimum wage. The *de minimis* defense is only meant for instances where an employer has failed to compensate an employee for a small, hard-to-calculate period of time, not where the time the employee work is certain, but the employer's hourly rate is below the minimum wage.

2018 U.S. Dist. LEXIS, 143246, at *50-53. (further citations omitted).

The same result must be reached here. Summary judgment is granted on this issue.

### 5.  Must the respondents reimburse the claimant the IRS business mileage rate if it has not tracked the actual vehicle costs she incurred?

Finally, the claimant moves for a ruling that the IRS business mileage rate must be used to determine whether and how much the claimant should be reimbursed for vehicle costs if actual costs are not used. There is no dispute that neither party has kept track of the actual costs or expenses incurred by Ashton in delivering pizzas. The disagreement comes regarding whether the IRS rate must be used or whether the respondents may estimate a reimbursement rate based on the mileage and expenses it estimates that all drivers in a certain store or region incur.

The claimant bases her argument on the language of the DOL Handbook which states:

> **30c15. Car expenses: employee's use of personal car on employer's business.**
>
> In some cases it is necessary to determine the costs involved when employees use their cars on their employer's business in order to determine minimum wage compliance. For example, car expenses are frequently an issue for delivery drivers employed by pizza or other carry-out type restaurants.
>
> **(a)**  *As an enforcement policy*, the IRS *standard business mileage rate* found in IRS Publication 917, "Business Use of a Car" *may* be used (in lieu of actual costs and associated recordkeeping) to determine or evaluate the employer's wage payment practices for FLSA purposes. The IRS standard business mileage rate (currently 28 cents per mile) represents depreciation, maintenance and repairs, gasoline (including taxes), oil, insurance, and vehicle registration fees. In situations where the IRS rate changes during the investigation period, the applicable rates should be applied on a pro-rate basis.
>
> **(b)**  The IRS standard business mileage rate *may* be used in lieu of actual costs for FLSA purposes *whether or not* the employee will be able to take a deduction on his or her tax return for the business use of the employee's car. (some emphasis added).

15

According to Ashton, the DOL Handbook provides no option for estimating expenses to determine whether the minimum wage has been paid.

Respondents argue that disputed facts prevent a determination of the reimbursement rate because Ashton has not provided any evidence that she wasn't paid minimum wage or that she incurred any expenses that were not for her own benefit. They also cite to *Sullivan* as the primary legal authority to support their argument that the IRS business mileage rate need not be used to determine whether Ashton was paid less than the minimum wage.

The arbitrator disagrees with the argument that a factual dispute prevents a ruling on this issue. The claimant has not moved for summary judgment on the merits and does not seek a ruling here regarding whether the FLSA has been violated. She seeks a ruling on the rate that may be used to make this determination, an estimated rate or the IRS rate. Nonetheless, summary judgment is not appropriate here for the following reasons:

First, the claimant has already argued in this motion that estimated costs, rather than actual costs, may be used and the arbitrator has already granted summary judgment on this issue. To argue now that the IRS mileage rate must be used is inconsistent with this ruling and with claimant's prior argument.

Second, the DOL Handbook does not require that the IRS rate *must* be used; it states only that the IRS rate *may* be used, as stated in Section 30c15(b): "[t]he IRS standard business mileage rate may be used in lieu of actual costs." Therefore, the questions regarding what deference must be given to the Handbook is moot.

Third, as shown in *Sullivan*, the FLSA and the DOL's regulations require only that an employee must be paid the minimum wage. Accordingly, an employee must be reimbursed only for those expenses that cut into his minimum wage. The employee could incur $100 in expenses but be reimbursed only $10 if that reimbursement brings his pay up the statutory minimum. Because the IRS rate is not directly related to the costs incurred by the claimant, it has no bearing on the amount that must be reimbursed so that the minimum payment requirement is met.

Fourth, the case law does not require reimbursement at the IRS mileage rate. The court in *Perrin v. Papa John's Int'l, Inc.,* a case on which claimant has relied, concluded that the IRS rate need not be used if no actual records are kept.

> The Court has reviewed the non-binding authority cited by Plaintiffs and finds that, at most, they suggest that the IRS standard business mileage rate may be a reasonable approximation of the employee vehicle expenses. These authorities do not suggest that the IRS rate is the only reasonable approximation of such expenses. Nor have Plaintiffs cited any authority holding that an employer's failure to use the IRS rate in approximating expenses is unreasonable. Indeed, Plaintiffs' own expert offers an alternative rate that Plaintiffs contend is a reasonable, albeit conservative, approximation of their expenses for minimum wage purposes.

114 F. Supp. 3d 707, 721-22 (E.D. Mo. 2015).

The same is true here. The claimant's expert has offered an approximation of her expenses as an alternative rate and relies heavily on those estimates to prove her claim. Accordingly, the claimant's summary judgment is denied to the extent that it seeks to require reimbursement at the IRS mileage rate if actual vehicle costs are not known.

### ORDER

Considering the foregoing, it is ordered that:

1.  Summary judgment is granted in favor of the claimant on Issue 1; the claimant may reasonably estimate her vehicle costs.

2.  Summary judgment is granted in favor of the claimant on Issue 2; the respondent must reimburse a portion of the fixed costs of driving to the claimant if those costs cause her pay to fall below minimum wage.

3.  Summary judgment is granted in favor of the claimant on Issue 3; tips in excess of the tip credit are not considered in determining net wages.

4.  Summary judgment is granted in favor of the claimant on Issue 4;  the respondent's "good faith" and "*de minimis*" defenses fail, based on the law and the undisputed facts.

5.  Summary judgment is denied on Issue 5; the respondents are not required to use the IRS business mileage rate to reimburse claimants their vehicle costs if actual costs are unknown.


November 28, 2018                                           <u>Denise M. Pilie´, Arbitrator</u>