# EXHIBIT 3

ELECTRONICALLY FILED
5/14/2014
S. NASH, CLERK OF THE COURT
SUPERIOR COURT OF CALIFORNIA
COUNTY OF CONTRA COSTA - MARTINEZ
BY: A. FRENKLACH, DEPUTY CLERK

# SUPERIOR COURT OF THE STATE OF CALIFORNIA
# COUNTY OF CONTRA COSTA

| | |
|---|---|
| JULIO OREGEL, <br> Plaintiff, <br><br> v. <br><br> PACPIZZA, LLC, <br> Defendant. | CASE NO. C12-01454 <br><br> ORDER GRANTING PLAINTIFF'S MOTION FOR CLASS CERTIFICATION <br><br> Date: April 23, 2014 <br> Dept.: 33 |

Plaintiff's motion for class certification is <u>granted</u>.

The criterion for deciding on class certification under Code of Civil Procedure §382 is whether plaintiffs have established by a preponderance of the evidence that a class action is superior to alternative means for a fair and efficient adjudication of the litigation. *Sav-on Drug Stores, Inc. v. Superior Court* (2004) 34 Cal.4th 319, 332. The certification question is essentially a procedural one that does not ask whether an action is legally or factually meritorious. *Id.* at 326; *Linder v Thrifty Oil Co.* (2000) 23 Cal.4th 429.

The party seeking class certification under §382 has the burden of establishing (1) the existence of an ascertainable class, (2) a well-defined community of interest among the class members, and (3) that substantial benefit to litigants and the court result from class certification. *City of San Jose v. Superior Court* (1974) 12 Cal.3d 447, 458.

Ascertainability: Whether a class is "ascertainable" within the meaning of CCP § 382 is determined by examining (a) the class definition, (b) the size of the class, and (c) the means available for identifying the class members. *Faulkinbury v. Boyd & Associates, Inc.* (2013) 216 Cal.App.4th 220, 240.

Here, the class is defined as: "All persons who are presently working or have worked as delivery drivers, regardless of job title, for Defendant PacPizza, LLC in the State of California at any time between June 14, 2008 and the date of the Court's order granting class certification." This definition is precise, objective and ascertainable. Plaintiff has established that the class members can be "readily identified without unreasonable expense or time by reference to official records." *Faulkinbury, supra*, 216 Cal.App.4th at 240.

The numerosity requirement under CCP §382 is also satisfied. Plaintiff has established that there are approximately 2,811 former and current California delivery drivers. (Memorandum of Points and Authorities in support of Motion for Class Certification p. 12)

Community of Interest: Community of interest is comprised of three elements:

(a) predominant common questions of law or fact; (b) class representatives with claims or defenses typical of the class; and (c) class representatives who can adequately represent the class. *Richmond v. Dart Industries, Inc.* (1981) 29 Cal.3d 462, 470.

Typicality is established by demonstrating that the class representative has claims or defenses typical of the class. *Medrazo v. Honda of N. Hollywood* (2008) 166 Cal. App. 4th 89, 99. Plaintiff has demonstrated that he performed the same job duties as members of the putative class, was subject to the same lump sum delivery reimbursement policy, and has the same claims. Plaintiff's claims are typical of those of the class.

Defendant contends that plaintiff lacks standing because he has failed to establish injury in fact. However, Defendant's argument assumes that the lump sum delivery reimbursement was reasonable. (Opposition to Motion for Class Certification p. 9-13.) The question of what rate per mile is reasonable and applicable here is the ultimate merits issue and will not be determined at class certification.

Adequacy of representation depends on whether the plaintiff's attorney is qualified to conduct the proposed litigation and whether the plaintiff's interests are antagonistic to the interests of the class. *McGhee v. Bank of America* (1976) 60 Cal.App.3d 442, 450. There is no indication that plaintiff's attorneys are not qualified to act as attorneys for the class. Contrary to defendant's position that plaintiff's interests will be antagonistic to the class because the defenses to his claims will become a primary focus, "a defendant's raising of unique defenses against a proposed class representative does not automatically render the proposed representative atypical." *Fireside Bank v. Superior Court* (2007) 40 Cal.4th 1069, 1090-91. The

1   specific danger a unique defense presents is that the class representative might devote
2   time and effort to the defense at the expense of issues that are common and controlling
3   for the class, thus, the relevant inquiry is whether, and to what extent, the proffered
4   defenses are "likely to become a major focus of the litigation." *Id.* Here, defendants
5   failed to demonstrate that plaintiff will have a unique defense. The proffered defense,
6   that the lump sum reimbursement policy was reasonable and resulted in overpayment
7   will be a defense that is common and controlling for the class. Further, there is no
8   showing that plaintiff has any interests which would be antagonistic to those of the
9   class. *McGhee, supra*, 60 Cal.App.3d at 450.
10
11  In ruling on the predominance of common questions issue, a court must focus on
12  the plaintiff's theory of recovery and assess the nature of the legal and factual disputes
13  likely to be presented and determine whether individual or common issues
14  predominate. *Bradley v. Networkers International, LLC* (2012) 211 Cal.App.4th 1129,
15  1150.
16
17  Argument by both parties proceeded on the assumption that plaintiff's claims
18  were governed by the standard set forth in *Gattuso v. Harte-Hanks Shoppers, Inc.*
19  (2007) 42 Cal. 4th 554. The parties dispute centers over whether *Gattuso* requires
20  putative class members to demonstrate that the lump sum reimbursement policy failed
21  to compensate them for their actual expenses. Defendant contends that thousands of
22  mini-trials will be required into each expense that a putative class member claims to
23  have incurred to properly calculate the accurate mileage rate. Plaintiff contends that a
24  single reasonable rate per mile will be calculated to apply to all class members based
25  on available data establishing the total number of deliveries and total reimbursements
26  paid to class members during the class period. Plaintiff submitted in support of his
27
28

motion evidence regarding the data available regarding total number of deliveries, average single and double deliveries, and total reimbursement amounts. Defendant did not dispute the availability of such data.

Under *Gattuso*, plaintiff is entitled to challenge a lump sum reimbursement policy with a mileage reimbursement calculation. The fact that putative class members' automobile expenses vary is not relevant to the questions pertaining to defendant's liability. Under the mileage reimbursement calculation, the court will be tasked with determining the length of the average delivery and the appropriate mileage reimbursement rate. The appropriate mileage reimbursement rate will then be applied to all class members.

Defendant argues that damages will require an individual determination and thus, certification is not appropriate. The necessity of individual determination of damages does not defeat class action treatment. *Sav-On Drug Stores, Inc. v. Superior Court* (2004) 34 Cal. 4th 319, 333.

Substantial Benefit:   Certifying a class action requires demonstrated substantial benefits to litigants and the court. *Caro v. Procter & Gamble Co.* (1993) 18 Cal.App.4th 644, 657. Because a class should not be certified unless substantial benefits accrue both to litigants and the courts, the question arises as to whether a class action would be superior to individual lawsuits *Basurco v. 21st Century Ins. Co.* (2003) 108 Cal.App.4th 110, 120.

In this case, class adjudication presents a substantial benefit to the class

members whose individual claims are relatively small, so that they are unlikely to pursue individual litigation. In general, a class action is proper where it provides small claimants with a method of obtaining redress and when numerous parties suffer injury of insufficient size to warrant individual action. *Linder v. Thrifty Oil Co.* (2000) 23 Cal.4th 429, 435.

The Court concludes that class adjudication presents a substantial benefit to the court, promoting the efficient use of judicial resources, avoiding duplicative discovery and pretrial motions, and multiple trials on predominantly common issues.

Plaintiff's motion for class certification is granted.

Evidentiary Rulings:

Plaintiff's Request for Judicial Notice: Denied. The existence of certain IRS documents is not relevant to this certification motion.

Defendant's Request for Judicial Notice: Granted.

Defendant's Objections and Motion to Strike Certain Statements and Declarations: Objections 1-15 are denied. Defendant failed to provide the deposition transcripts of the allegedly contradictory deposition testimony and defendant's paraphrasing of the allegedly contradictory deposition testimony fails to adequately demonstrate why the declarant's entire statement that "[t]he flat rate reimbursement fee did not reimburse me for my vehicle expenses associated with delivering pizzas;

1  including the cost of gasoline, oil, maintenance, repairs, tires, insurance, and
2  registration" is contradicted.
3
4
5  Dated: May 8, 2014
6                                              Steven K. Austin
7                                              Judge of the Superior Court
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28