## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| NIAL BENTON and HUTTON GRAHAM, individually and on behalf of similarly situated persons, | * | |
| | * | |
| | * | Civil No. 1:17-cv-00296-TCB |
| Plaintiff, | | |
| v. | * | |
| | * | |
| DELI MANAGEMENT, INC. d/b/a "JASON'S DELI," | * | |
| | * | |
| Defendant. | | |
| ****** | | |

## PLAINTIFFS' UNOPPOSED APPLICATION FOR FEES AND COSTS

### I.   INTRODUCTION

Foregoing the comfort and security of working for clients who can afford to pay their lawyers by the hour, Plaintiffs' counsel represent low-wage workers on a fully contingent fee basis. Sometimes that results in recovering no fees, sometimes it results in recovering some of the fees incurred, and sometimes it results in recovering their hourly rate. In this case, Plaintiffs' counsel recovered less than their lodestar. When a fee is paid, it is nearly

always long-delayed from working on an hourly basis. In addition, Plaintiffs' Counsel advance considerable litigation costs because payment of those costs would otherwise present a barrier to recovering what is owed the low-wage workers they represent.

Plaintiffs' Counsel obtained an excellent result for their clients and now request recovery of fees and costs, which were negotiated separately from the Plaintiffs' recovery.  This is a standard fee request for cases of this type and will not result in an excessive fee given the work performed, the risks assumed, and the result achieved.  In sum, Plaintiffs' Counsel have earned the fee requested in this application.

## II.   <u>STATEMENT OF FACTS / PROCEDURAL HISTORY</u>

Plaintiffs and Defendant have reached a settlement of this Fair Labor Standards Act ("FLSA") collective action. Plaintiffs allege that Defendant under-reimbursed its delivery drivers for the automotive expenses they incurred to the extent that their unreimbursed business expenses reduced their net wages below the federal minimum wage (nominal wages – unreimbursed vehicle expenses = subminimum net wages).

This case was filed as the continuation of the same claims originally asserted against Defendant in *Cornish v. Deli Mgt., Inc. d/b/a "Jason's Deli,"* Case No. 15-cv-00672-MWN (D. Md.). On April 22, 2016 Jason's Deli filed a motion to dismiss in *Cornish* based on purported failure to state a cognizable claim. *Id.* (ECF # 13). The District of Maryland decided that motion in Ms. Cornish's favor about six months later, on October 12, 2016. *Id.* (ECF # 16). However, by that time, Plaintiffs' counsel could no longer locate or contact Ms. Cornish.

Thus, Plaintiffs Nial Benton and Hutton Graham took the initiative to re-file the claims in this District and to lead Defendant's delivery drivers in the same claim. To save time and avoid duplicative efforts, the parties agreed that their initial disclosures, written discovery responses, document production and deposition testimony from *Cornish* could be used in this case by either side. ECF Doc. # 29, at 8 (acknowledging parties agreement).

In repeated efforts to limit fees and costs, Plaintiffs counsel thrice proposed settlement efforts: once shortly after *Cornish* was filed; again shortly after this case was filed; and a third time prior to extensive

depositions scattered throughout the nation, expensive expert reports and dispositive motion practice in this litigation.  Each time, Plaintiffs' counsel emphasized the fact that the vast majority of similar claims against food delivery companies had settled early since 2013, which had generally led to favorable results for all parties.  However, each time, Defendant refused to engage in settlement discussions, instead insisting on full discovery and dispositive motion decisions prior to negotiating.  As a result, considerable fees and costs were incurred.  Those choices by Defendant entailed the risk of a considerable fee and cost recovery, which was later realized as part of the settlement.

Eventually, Defendant deposed more than 20 Plaintiffs around the nation, required Plaintiffs to depose five executives and a defense expert statistician, and required Plaintiffs to obtain expensive vehicle costing testimony and a detailed report. Defendants also required Plaintiffs to spend considerable time filing and responding to extensive summary judgment briefing, filing and opposing *Daubert* motions, and opposing decertification.

In sum, due to Defendants' unwillingness to earlier negotiate, Plaintiffs' attorneys were required to spend a large amount of time pursuing the claims. However, that effort paid off as counsel ultimately received a beneficial result for all Plaintiffs.

Plaintiffs' counsel negotiated their fees and costs separately from the Plaintiffs' recovery to avoid conflicts and eliminate the need to reduce the Plaintiffs' recovery by the amount of costs incurred and a fee percentage. Potashnick Decl., ¶ 22 (Ex. 2). In sum, Plaintiffs' counsel negotiated recovery of $525,000.00 worth of fees and costs. However, that amount does not fully compensate them for their fee and cost recovery.

Through December  22, 2019, Plaintiffs' counsel has spent a total of $565,635.00 worth of time.

| Name | Position | Years Experience | Hours (thru 2/22/19) | Rate | Lodestar |
|------|----------|------------------|----------------------|------|----------|
| Richard Paul III | Partner | 24 | 35.9 | $600.00 | $21,540.00 |
| Mark Potashnick | Partner | 26 | 559.8 | $500.00 | $279,900.00 |
| Sean Cooper | Associate | 6 | 462.3 | $300.00 | $13,869.00 |
| Sue Becker | Associate | 7 | 76.0 | $275.00 | $20,900.00 |
| Laurel Darby | Associate | 4 | 9.7 | $280.00 | $2,716.00 |
| Jack McInnes | Partner | 15 | 87.8 | $405.00 | $35,559.00 |
| Nick Leyh | Law Clerk | | 30.0 | $175.00 | $5,250.00 |

| Andrea Herron | Law Clerk | | 110.1 | $85.00 | $9,358.50 |
|---|---|---|---|---|---|
| Kendra John | Paralegal | | 86.4 | $130.00 | $11,232.00 |
| Patrick Neal | Paralegal | | 245.4 | $120.00 | $29,448.00 |
| Linda Davis | Paralegal | | 64.4 | $130.00 | $8,372.00 |
| Jordan Cowger | Clerk | | 16.7 | $85.00 | $1,419.50 |
| Allison Leventhal | Paralegal | | 6.1 | $125.00 | $762.50 |
| Theresa Kendrick | Paralegal | | 3.9 | $125.00 | $487.50 |
| Totals | | | 1,794.5 | | $565,635.00 |

Paul Decl., ¶¶ 11-12 (Ex. 1); Potashnick Decl., ¶ 13.

As fully explained in the attached declarations of counsel, Plaintiffs'
attorneys and paralegals working on this case created contemporaneous
time records in 6-minute increments and kept full expense records.  Paul
Decl. ¶ 17; Potashnick Decl. ¶ 14.  After the exercise of billing judgment, the
time and expenses sought in this case are the type that they would bill to
their fee-paying clients.  *Id.*  This time consists solely of time that was
specifically necessary for the successful prosecution of this litigation and this
fee and cost application.  *Id.*

After careful review of the time records and exercise of billing judgment,
Plaintiffs' counsel believe all of the time being submitted to the Court for
recovery contributed value to the case, was reasonably necessary to prepare
the case for mediation, prepare this case for trial, or seek fees and costs.  All

such time resulted in the favorable settlement.  Paul Decl. ¶ 17; Potashnick

Decl. ¶ 15.

In addition, to the attorney hours described above, Plaintiffs' counsel seek

to recover $68,736.18 in out-of-pocket costs advanced by counsel:

| Costs Paid by Paul LLP | |
|---|---|
| Airfare | $   7,734.48 |
| Copy Costs | $      598.07 |
| Court Fees | $      900.00 |
| Deposition Costs | $   3,624.30 |
| Expert Fees | $ 17,069.50 |
| Lodging | $   3,481.98 |
| Meals | $   2,032.52 |
| Class Notice | $   3,336.12 |
| PACER | $        17.90 |
| Postage | $   3,892.06 |
| Process Service | $      115.00 |
| Transportation | $   1,783.94 |
| Westlaw | $      109.72 |
| Total | $ 44,695.59 |

| Costs Paid by Weinhaus & Potashnick | |
|---|---|
| Expert Fees | $ 17,069.50 |
| Travel | $   3,684.87 |
| Transcription | $   2,505.32 |
| Plaintiff Location | $      490.00 |
| Court Fees | $      250.00 |
| Postage/Shipping | $        40.90 |
| Total | $ 24,040.59 |

Paul Decl., ¶ 21; Potashnick Decl., ¶ 20.

Per customary practice of firms handling employment litigation, it is Plaintiffs' counsel's usual and customary practice to bill clients for reasonably incurred travel expenses, such as airfare, hotel, meals and ride-share or car rental costs, and not to include those expenses in the firm's overhead. It is also counsel's usual and customary practice to bill clients for expert witness fees, mediation costs, messenger and shipping charges and deposition costs. All of these expenses are customarily billed to counsel's hourly billing clients. Moreover, all of the expenses incurred were reasonably necessary in order to successfully prosecute the case.  Paul Decl. ¶ 21; Potashnick Decl. ¶ 21.

## III.   ARGUMENT

The FLSA provides that the Court "*shall*, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." 29 U.S.C § 216(b) (emphasis added).  Unlike some fee-shifting statutes, attorney fee and cost awards under the FLSA are "mandatory." *Sahyers v. Prugh, Holliday & Karatinos, P.L.*,

603 F.3d 888, 893 n.1 (11th Cir. 2010) (collecting cases); *compare* 29 U.S.C. §

216(b) (stating the Court "shall" award fees) *with* 42 U.S.C. § 1988(b) (noting

the court "may" award fees "in its discretion").

A fee-shifting provision's purpose is to encourage private litigants to

enforce the laws that protect the public in areas like civil rights, consumer

protection and the environment. *City of Riverside v. Rivera,* 477 U.S. 561 561,

574-75 (1986). That purpose is particularly applicable in wage and hour

litigation for low-wage earning employees. Courts recognize that plaintiffs'

counsel who successfully pursue wage and hour claims "must be adequately

compensated for their efforts," otherwise "wage and hour abuses would go

without remedy because attorneys would be unwilling to take on the risk."

*Prasker v. Asia Five Eight LLC,* No. 08-CV-05811, 2010 WL 476009, at *6

(S.D.N.Y. Jan. 6, 2010); *see also Sand v. Greenberg*, No. 08-CV-07840, 2010 WL

69359, at *3 (S.D.N.Y. Jan. 7, 2010) ("But for the separate provision of legal

fees, many violations of the Fair Labor Standards Act would continue

unabated and uncorrected."). Civil enforcement of wage and hour laws is

an important supplement to the work of government regulators in carrying

out the public policy of the FLSA. *Andersen v. Mt. Clemens Pottery Co.,* 328 U.S. 680, 686-687 (1946) (noting the FLSA is a "remedial" statute that embodies "great public policy"); *Fegley v. Higgins,* 19 F.3d 1126, 1134-1135 (6th Cir. 1994) ("The purpose of the FLSA attorney fees provision is 'to insure effective access to the judicial process….'").

Under the lodestar method, courts determine attorney's fees based on the product of the reasonable hours spent on the case and a reasonable hourly rate. *Hensley v. Eckerhart,* 461 U.S. 424, 433 (1983).  "There is a strong presumption that the lodestar yields a reasonable fee[.]"  *In re Home Depot, Inc. Cust. Data Sec. Breach Litig.,* 931 F.3d 1065,. 1082 (11ᵗʰ Cir. 2019).

## A.    The Amount of Time Spent by Plaintiffs' Counsel Was Reasonable

In determining whether the number of hours spent on litigation was reasonable, district courts examine whether "the time spent was reasonably necessary and that its counsel made 'a good faith effort to exclude from the fee request hours that are excessive, redundant, or otherwise unnecessary.'" *Hensley,* 461 U.S. at 434.

As explained above and in the attached declarations, Plaintiffs' counsel staffed and managed this case as efficiently as possible.  Responsibilities were not duplicated and much of the work – such as data aggregation, damage calculations  and basic client communications – was performed by paralegals as opposed to attorneys.

All of the time shown on the attached records was necessary to achieve a favorable outcome and added value to the case, especially given Defendant's refusal to negotiate until after extensive discovery and the results of dispositive motions, *Daubert* motions and a decertification effort. Paul Decl. ¶¶ 16-17; Potashnick Decl. ¶¶ 14-15; *see, e.g., Perkins v. Mobile Hous. Bd.*, 847 F.2d 735, 738 (11th Cir. 1988) (recognizing that "[s]worn testimony that, in fact, it took the time claimed is evidence of considerable weight on the issue of the time required in the usual case…) (citing).

**B.    Counsel's Rates Are Reasonable**

Plaintiffs' counsel hourly rates and years of experience are set forth above. The submitted rates for these attorneys are well justified based on their skill, experience in the fields of wage and hour law and complex litigation, and

excellent reputations in the community.  Paul Decl. ¶¶ 1-8; Potashnick Decl.

¶¶ 1-7. The skills, qualifications, and experience of all timekeepers are

further detailed in the attached declarations.  *Id.*

In determining the reasonableness of the hourly rates, a court must set

rates according to what the record demonstrates the market commands for

analogous litigation. *Blum v. Stenson*, 465 U.S. 886, 895 (1984) (Reasonable

fees under fee shifting statutes are to be "calculated according to the

prevailing market rates in the relevant community. . . .").

There is clearly a nation-wide market for legal representation in

minimum wage claims based on under-reimbursed vehicle costs. The

attached declarations show that, over the past decade, Plaintiffs' counsel

have litigated or arbitrated the vast majority of such claims across the nation.

They have litigated or arbitrated these claims within the territory of every

federal circuit, except for the First Circuit.  Potashnick Decl., ¶¶ 4, 5 & 7.

In these cases, courts around the nation have repeatedly recognized that

Plaintiffs' counsel are entitled to the fee rates they now seek.  *See, e.g., Burton*

*v. DRAS Partners, LLC,* Case No. 19-cv-02949-SJC (N.D. Ill. Nov. 12, 2019)

(ECF No. 35) (recently awarding $500.00 per hour for Mark Potashnick); *Heuberger v. Smith,* 2019 U.S. Dist. LEXIS 118174, *13-14 (N.D. Ind. Jan. 4, 2019) (approving $600.00 for Richard Paul and $450.00 per hour for Mark Potashnick); *Hoffman v. Poulsen Pizza, LLC,* 2017 U.S. Dist. LEXIS 459, *21-22 (D. Kan. Jan. 3, 2017) (approving $450.00 per hour for Mark Potashnick); *Hackett v. ADF Rest. Invs.,* 259 F.Supp.3d 360, 367-69 & n.2 (D. Md. Dec. 19, 2016) (same); *Ashton v. PJ Louisiana, LLC,* AAA Case No. AAA Case No. 1-17-0006-8180 (Pilie July 3, 2019) (same).

In fact, minimum wage lawsuits based on under-reimbursed expenses were extremely rare before Plaintiffs' counsel's efforts on behalf of food delivery drivers. Early cases prosecuted by Plaintiffs' counsel provided significant and novel challenges including cognizability and proof issues, but those cases ultimately yielded favorable decisions on pleading, certification, and methods of proof. *See, e.g., Wass v. NPC Int'l, Inc.,* 688 F. Supp. 2d 1282, 1286 (D. Kan. 2010) ("Neither party has been able to cite to a case that directly addresses the application of the 'reasonable approximation' standard to reimbursement of expenses for purposes of a

minimum wage claim" and "[t]he present case does not involve a straightforward claim under the FLSA for unpaid amounts")). *See, e.g., Wass v. NPC Int'l*, Inc., 688 F.Supp.2d 1282, 1286 (D. Kan. 2010) ("Neither party has been able to cite to a case that directly addresses the application of the 'reasonable approximation' standard to reimbursement of expenses for purposes of a minimum wage claim."; "The present case does not involve a straightforward claim under the FLSA for unpaid amounts; rather, … [t]his case… demands a greater degree of specificity in pleading" than other FLSA cases.)).

Under the defendants' threats of seeking sanctions in both the *NPC* case and *Smith v. Pizza Hut, Inc.*, Case No. 09-CV-01632 WDM-BNB (D. Colo.) if their theory proved incorrect, Plaintiffs' Counsel persisted because they believed in the merits of their case, and the Court ultimately endorsed their argument that a plaintiff need not prove his or her actual expenses, but can reasonably approximate those expenses. *See id*. These earlier rulings strongly supported conditional certification of this FLSA claim; influenced the Court

14

to deny Defendants' summary judgment motion, decertification effort and *Daubert* motion; and ultimately facilitated this settlement.

Plaintiffs' counsel's earlier victories have paved the way for this recovery and other favorable outcomes for low-paid food delivery workers around the nation, include but not limited to:

a.  Decisions recognizing a cause of action / sufficient pleading:

    i.    *Wass v. NPC Int'l., Inc.,* 688 F.Supp.2d 1282, 1285-86 (D. Kan. 2010)

    ii.   *Perrin v. Papa John's Int'l., Inc.,* 818 F.Supp.2d 1146, 1149-53 (E.D. Mo. Mar. 8. 2011)

    iii.  *Darrow v. WKRP Mgmt., LLC,* 2011 U.S. Dist. LEXIS 59388, *9-17 (D. Colo. Jun. 3, 2011)

    iv.  *Smith v. Pizza Hut, Inc.,* 2011 U.S. Dist. LEXIS 76793, *11-12 & n.4 (D. Colo. July 14, 2011)

    v.   *Cornish v. Deli Mgmt., Inc.,* 2016 U.S. Dist. LEXIS 141209, *1-15 (D. Md. Oct. 12, 2016).

b.  Decisions recognizing that vehicle costing claims may be proven by *estimated* vehicle costs, including:

    i.    *Wass v. NPC Int'l., Inc.,* 688 F.Supp.2d 1282, 1284-87 (D. Kan. Mar. 2, 2010)

    ii.   *Perrin v. Papa John's Int'l, Inc.,* 818 F.Supp.2d 1146, 1146-53 (E.D. Mo. Mar. 8, 2011)

    iii.  *Darrow v. WKRP Mgmt.,* 2011 U.S. Dist. LEXIS 59388, *9-15 (D. Colo. Jun. 3, 2011)

    iv.  *Smith v. Pizza Hut, Inc.,* 2011 U.S. Dist. LEXIS 76793, *11-12 n.4 (D. Colo. Jul. 14, 2011)

     v.    *Darrow v. WKRP Mgmt. LLC*, 2012 U.S. Dist. LEXIS 24997, \*15 & n.10 (D. Colo. Feb. 28, 2012)

     vi.   *Perrin v. Papa John's Int'l., Inc.*, 2013 U.S. Dist. LEXIS 181749, \*20-24 (E.D. Mo. Dec. 31, 2013)

     vii.  *Perrin v. Papa John's Int'l., Inc.*, 2014 U.S. Dist. LEXIS 133974, \*5 & 12 (E.D. Mo. Sept. 24, 2014)

     viii. *Drollinger v. Network Global Logistics, LLC,* 2016 U.S. Dist. LEXIS 171013 (D. Colo. Dec. 8, 2016)

     ix.   *Benton v. Deli Mgmt.,* 2019 U.S. Dist. LEXIS 135552 (N.D. Ala. Aug. 8, 2019.

c. Decisions conditionally certifying collective action claims under the Fair Labor Standards Act ("FLSA"), including:

     i.    *Bass v. PJCOMN Acq. Corp.,* 2010 U.S. Dist. LEXIS 144305, \*4-7 (D. Colo. Sept. 15, 2010)

     ii.   *Wass v. NPC Int'l., Inc.*, 2011 U.S. Dist. LEXIS 32761, \*10-24 (D. Kan. Mar. 28, 2011)

     iii.  *Perrin v. Papa John's Int'l, Inc.*, 2011 U.S. Dist. LEXIS 104059, \*11-18 (E.D. Mo. Sept. 14, 2011)

     iv.  *Smith v. Pizza Hut, Inc.*, 2012 U.S. Dist. LEXIS 56987, \*14-18 (D. Colo. Apr. 21, 2012)

     v.    *Darrow v. WKRP Mgmt., Inc.*, 2012 U.S. Dist. LEXIS 24997, \*7-17 (D. Colo. Feb. 28, 2012)

     vi.   *Sullivan v. PJ United, Inc.*, AAA Case No. 30 20 1300 0597, at 3-10 (Clarke Sept. 23, 2015)

     vii.  *Linkovich v. Capital Pizza Huts, Inc.,* AAA Case No. 01-14-0001-6513, at 5-8 (Holstein Sept. 16, 2015)

     viii. *Tegtmeier v. PJ Iowa LC,* 2016 U.S. Dist. LEXIS 130190, \*3-21 (S.D. Iowa Sept. 21, 2016)

     ix.   *Drollinger v. Network Global Logistics, Inc.*, No. 16-304, ECF No. 76 (D. Colo. Jan. 18, 2017)

     x.    *Redus v. CSPH, Inc.,* 2017 U.S. Dist. LEXIS 74906, \*1-10 (N.D. Tex. May 17, 2017)

      xi.   *Benton v. Deli Mgmt., Inc.,* 2017 U.S. Dist. LEXIS 211358, \*1-29 (N.D. Ga. Dec. 18, 2017)

      xii.  *Durling v. Papa John's Int'l., Inc.,* Case No. 7:16-cv-03592-CS-JCM (S.D.N.Y. Aug. 3, 2018) (ECF # 387).

d. Decision denying decertification.

     *Benton v. Deli Mgmt., Inc.,* 2019 U.S. Dist. LEXIS 135522 (N.D. Ga. Aug. 8, 2019)

e. Decisions granting class action certification:

      i.   *Bass v. PJ COMN Acq. Corp.,* 2011 U.S. Dist. LEXIS 58352, \*1-12 (D. Colo. Jun. 1, 2011)

      ii.  *Perrin v. Papa John's Int'l., Inc.,* 2013 U.S. Dist. LEXIS 181749, \*16-26 (E.D. Mo. Dec. 31, 2013)

      iii. *McFarlin v. The Work Enterprises, Inc.,* 2017 U.S. Dist. LEXIS 164968, \*1-13 (E.D. Mich. Oct. 5, 2017).

f. Decisions recognizing use of expert vehicle costing methodology and/or rejecting *Daubert* challenges:

      i.   *Perrin v. Papa John's Int'l., Inc.,* 2013 U.S. Dist. LEXIS 181749, \*8-15 (E.D. Mo. Dec. 31, 2013).

      ii.  *Drollinger v. Network Global Logistics, LLC,* 2016 U.S. Dist. LEXIS 171013 (D. Colo. Dec. 8, 2016).

      iii. *Benton v. Deli Mgmt., Inc.,* 2019 U.S. Dist. LEXIS 135522 (N.D. Ga. Aug. 8, 2019)

g. Decisions denying summary judgment for food delivery companies, including:

      i.   *Perrin v. Papa John's Int'l., Inc.,* 114 F.Supp.3d 707 (E.D. Mo. Jul. 8, 2016).

    ii.  *Bass v. PJCOMN Acq. Corp.*, 2010 U.S. Dist. LEXIS 96335 (D. Colo. Sept. 15, 2010)

    iii. *Benton v. Deli Mgmt., Inc.*, 2019 U.S. Dist. LEXIS 135522 (N.D. Ga. Aug. 8, 2019)

h.  Decision finding that employers must track and reimburse food delivery drivers' actual vehicle costs or reimburse them at the IRS rate:

> *Hatmaker v. PJ Ohio, LLC,* 2019 U.S. Dist. LEXIS 191790, *1-22 (S.D. Ohio Nov. 5, 2019).

Potashnick Decl., ¶ 7.

Approximately three years ago, the District of Maryland recognized:

> In some of these cases, [Claimants' Counsel] have represented pizza delivery drivers situated precisely as Claimants have been in the present case. In addition, the quality of the pleadings, motions, and briefs in the case fully evidences Class Counsels' skill, competence, and knowledge of the applicable law.
>
> …the fees are reasonable based on Class Counsels' skill. [Claimants' Counsel] are experienced and innovative wage and hour lawyers, which appears to be a niche practice. They have developed an expertise in challenging the sufficiency of compensation for pizza delivery drivers under the FLSA.

*Hackett*, 259 F. Supp. 3d at 368; *see also, e.g., Jimenez v. Pizzerias*, LLC, 2017 U.S. Dist. LEXIS 129820, *13-14 (S.D. Fla. Aug. 14) ("…Plaintiffs' Counsel in this matter are experienced and innovative wage and hour lawyers who have

developed expertise in challenging the sufficiency of compensation for pizza delivery drivers under the FLSA.").

Additionally, Plaintiffs' counsel possess extensive experience in all types of wage and hour litigation.  Paul Decl., ¶¶ 1-8; Potashnick Decl., ¶¶ 1-7.

For all of these reasons, the hourly rates and total fees sought are reasonable.

## C.    The Costs Incurred Should Be Awarded as Reasonable

Like fees, an award of reasonable litigation costs is mandatory in FLSA claims. 29 U.S.C. 216(b). This may include "reasonable out of pocket expenses" that go "beyond those normally allowed under Fed. R. Civ. P. 54(d) and 28 U.S.C. § 1920." *Eason v. Bridgewater & Assocs.*, 108 F.Supp.3d 1358, 1365 (N.D Ga. Jun. 9, 2015) (recognizing that "reasonable out-of-pocket costs" are awardable in FLSA suits); *Lee v. Krystal Co.*, 918 F.Supp.2d 1261, 1275 (S.D. Ala. Jan. 15, 2013) (same, citing cases); *see also, e.g., Grove v. Wells Fargo Fin. California, Inc.*, 606 F.3d 577, 580 (9th Cir. 2010) ("[W]e repeatedly have allowed prevailing plaintiffs to recover non-taxable costs where statutes authorize attorney's fees awards to prevailing parties.").

Plaintiffs' counsel request reimbursement for $68,736.18 in out-of-pocket costs listed above. See Paul Decl. ¶¶ 20-21; Potashnick Decl. ¶¶ 20-21. These expenses were reasonably and necessarily incurred in the prosecution of the case, are the types of expenses customarily included in a bill for professional services and not absorbed as part of firm overhead. *Id.*

## IV.   CONCLUSION

Based on the foregoing, Plaintiffs respectfully request that the Court award the reasonable attorney's fees, costs and expenses as requested in this motion.

## Font and Point Certification

The undersigned counsel hereby certify under LR 7.1.D that the above brief was prepared with Palantino Linotype 14-point font.

Dated: December 23, 2019                    Respectfully submitted,

PAUL LLP                                    WEINHAUS & POTASHNICK
/s/ Sean R. Cooper                          Mark A. Potashnick
Richard M. Paul III                         (Admitted *pro hac vice*)
(Admitted *pro hac vice*)                   11500 Olive Boulevard, Suite 133
Sean R. Cooper                              St. Louis, Missouri 63141
(Admitted *pro hac vice*)                   Telephone: (314) 997-9150
601 Walnut Street, Suite 300                Facsimile: (314) 997-9170
Kansas City, Missouri 64106                 markp@wp-attorneys.com
Telephone:       (816) 984-8100
Facsimile:   (816) 984-8101                 THE WEINER LAW FIRM
Rick@PaulLLP.com                            Andrew Weiner (GA Bar #808278)
Sean@PaulLLP.com                            3525 Piedmont Road
                                            7 Piedmont Center, 3rd Floor
                                            Atlanta, Georgia 30305
                                            Telephone: (404) 254-0842
                                            Facsimile: (866) 800-1482

**ATTORNEYS FOR PLAINTIFF**


**CERTIFICATE OF SERVICE**

The undersigned hereby certifies on December 23, 2019, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which sent notification of such filing to all counsel of record.

*/s/ Sean R. Cooper*