IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| NIAL BENTON and HUTTON GRAHAM, individually and on behalf of similarly situated persons,<br><br>  Plaintiffs,<br><br>v.<br><br>DELI MANAGEMENT, INC. d/b/a JASON'S DELI,<br><br>  Defendant. | CIVIL ACTION FILE<br><br>NO. 1:17-cv-296-TCB |

## <u>O R D E R</u>

This case comes before the Court on the parties' joint motion [137] for settlement approval, as well as the motion [138] of Plaintiffs Nial Benton and Hutton Graham for attorneys' fees and costs.

## I. Background

On January 25, 2017, Plaintiffs, who are comprised of a conditionally certified class of Jason's Deli delivery drivers, initiated

this action against Defendant Deli Management, Inc., d/b/a Jason's Deli. As a condition of Plaintiffs' employment, Jason's Deli requires that they provide an operable, safe, and legal vehicle in which to make their deliveries. Plaintiffs alleged that Jason's Deli violated the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.*, because they incurred unreimbursed vehicle-related expenses on Jason's Deli's behalf, the cost of which drove their wages below the FLSA-mandated minimum.

On May 31, 2018, Plaintiffs moved [23] to conditionally certify a collective action; the Court granted [29] the motion to conditionally certify the class on December 18 and numerous plaintiffs consented to join the class. The case then proceeded to discovery, which lasted until November 1, 2018.

Following discovery, Jason's Deli argued [94] that the 29 U.S.C. § 216(b) collective action could no longer be maintained. The parties also filed cross-motions to exclude the other's experts and cross-motions for summary judgment. On August 8, 2019, this Court issued an order [132] denying the motion for decertification, denying Plaintiffs' motion [97] to exclude Jason's Deli's expert, and denying in part and granting

in part both motions for summary judgment. Pursuant to that order, six Plaintiffs' claims were dismissed. The parties were also ordered to mediate their claims.

The parties successfully mediated and reached a settlement agreement on November 15, 2019. Now, Plaintiffs have moved [137] for approval of the settlement agreement. Jason's Deli does not oppose this motion. Plaintiffs have also moved [138] for attorney's fees and costs.

## II.   Settlement Approval

"There are only two ways in which back wage claims arising under the FLSA can be settled or compromised by employees," one involving supervision by the Department of Labor, the other involving court approval of the settlement. *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1353 (11th Cir. 1982). Where, as here, parties to an FLSA case reach a settlement of claims that have been filed in Court, they must present the proposed settlement to the Court for approval. *Id.* An employee may settle a claim if the district court determines, after "scrutinizing the settlement for fairness," that it is "a fair and

reasonable resolution of a bona fide dispute over FLSA provisions." *Id.*
at 1353, 1355.

"The Court's review of FLSA settlements to ensure they are fair
and reasonable 'implicates both the rights of the settling employee and
the interests of the public at large.'" *Gamble v. Air Serv. Corp.*, 247 F.
Supp. 3d 1302–03 (N.D. Ga. 2017) (quoting *Lopez v. Nights of Cabiria,*
*LLC*, 96 F. Supp. 3d 170, 178 (S.D.N.Y. 2015)). Thus, courts in this
district often apply a two-step approach when reviewing FLSA
settlement agreements:

> First, the court should consider whether the compromise is
> fair and reasonable to the employee (factors "internal" to the
> compromise). If the compromise is reasonable to the
> employee, the court should inquire whether the compromise
> otherwise impermissibly frustrates implementation of the
> FLSA (factors "external" to the compromise). The court
> should approve the compromise only if the compromise is
> reasonable to the employee and furthers implementation of
> the FLSA in the workplace.

*Dees v. Hydradry, Inc.*, 706 F. Supp. 2d 1227, 1241 (M.D. Fla. 2010); *see*
*also Gamble*, 2017 WL 1951145, at *2–3 (applying the *Dees* two-step
approach); *Warner v. Complete Cash Holdings, LLC*, No. 4:10-cv-21-
HLM, 2011 WL 13161934, at *2 (N.D. Ga. Mar. 25, 2011) (same).

4

The Court has carefully reviewed the parties' settlement agreement and finds that it is fair and reasonable in light of the claims and defenses asserted. Therefore, the Court grants the parties' joint motion [137] for settlement approval.

## III.  Attorneys' Fees and Costs

### A.  Legal Standard

Section 216(b) of the FLSA "makes fee awards mandatory for prevailing plaintiffs." *Kreager v. Solomon & Flanagan, P.A.*, 775 F.2d 1541, 1542 (11th Cir. 1985). A prevailing plaintiff includes one who "obtained either a judgment on the merits or reached a settlement agreement." *Goss v. Killian Oaks House of Learning*, 248 F. Supp. 2d 1162, 1167 (S.D. Fla. 2003).

What constitutes a reasonable fee pursuant to § 216(b) is left to the Court's discretion. *Kreager*, 775 F.2d at 1543. Attorneys' fees are typically calculated based on the "lodestar" method, wherein the Court considers the reasonable number of hours expended multiplied by the reasonable hourly rate. *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). This method provides a "starting point" from which the Court may

adjust based on such factors as it deems appropriate. *Goss*, 248 F. Supp. 2d at 1167.

In assessing the reasonableness of the lodestar, courts consider the "twelve factors derived from the ABA Code of Professional Responsibility DR 2-106 (1980) and adopted in *Johnson v. Georgia Highway Express*, 488 F.2d 714, 717 (5th Cir. 1974)." *Norman v. Hous. Auth. of Montgomery*, 836 F.2d 1292, 1299 (11th Cir. 1988). Those factors include:

> (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the result obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

*Kreager*, 775 F.2d at 1543 n.2 (citing *Johnson*, 488 F.2d at 717–19).

In FLSA matters, "it is not uncommon for fee awards to exceed the [p]laintiff's recovery in order to ensure that individuals with relatively small claims can obtain representation necessary to enforce their

6

rights." *Brandt v. Magnificent Quality Florals Corp.*, No. 07-20129-CIV, 2011 WL 4625379, at *12 (S.D. Fla. Sept. 30, 2011). When the prevailing party only partially succeeds on its claims or litigates in bad faith, however, the Court may reduce the "compensable hours and the hourly rate." *Bivins v. Wrap It Up, Inc.*, 548 F.3d 1348, 1350–51 (11th Cir. 2008); *Goss*, 248 F. Supp. 2d at 1168. The most important factor in determining the amount to be awarded is the plaintiff's degree of success. *Hensley*, 461 U.S. at 436.

**B.   Discussion**

As a starting point, Plaintiffs' counsel seeks $565,635 in attorneys' fees and $68,736.18 in costs. Defendants do not oppose this award of fees and costs. [1]

---

[1] Plaintiffs label their motion for attorneys fees and costs "unopposed." However, while Defendants have not filed a response in opposition, it is unclear whether Plaintiffs and Jason's Deli have agreed upon the amount of the fee award. In their motion, Plaintiffs' counsel state that they "negotiated recovery of $525,000.00 worth of fees and costs. However, that amount does not fully compensate them for their fee and cost recovery." [138] at 5. Nevertheless, the Court retains discretion to determine the reasonableness of the award, regardless of the parties' agreement or lack thereof.

However, there are other factors that the Court may consider "to adjust the fee upward or downward, including the important factor of the 'results obtained.' *Id.* "This factor is particularly crucial where a plaintiff is deemed 'prevailing' even though he succeeded on only some of his claims for relief." *Id.*

Nevertheless, having reviewed Plaintiffs' requested award of attorneys' fees and costs, the Court determines that it is reasonable given the circumstances of this case. *See* § 216(b). Counsels' respective hourly rates are less than their lodestar and are reasonable, and the number of hours that Plaintiffs' counsel expended on this litigation was reasonable. Furthermore, the settlement agreement provides all Plaintiffs with an award that is approximately 89 percent of Plaintiffs' calculation of actual damages; the Court finds that this demonstrates considerable success on the part of Plaintiffs' counsel.

Accordingly, Plaintiffs' motion [138] for attorneys' fees and costs is granted.

## IV.   Conclusion

For the foregoing reasons, the Court grants both the parties' joint motion [137] for settlement approval and Plaintiffs' motion [138] for attorneys' fees and costs. The Clerk is directed to close this case.

IT IS SO ORDERED this 28th day of January, 2020.

_____
Timothy C. Batten, Sr.
United States District Judge